**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Samuel Tucker Collins, Jr., | ) | Case No. 2:26-mc-00086-RMG-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Rebecca Massey | ) | |
| and Shanita Brangman, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Samuel Tucker Collins, Jr. ("Petitioner"), proceeding *pro se*, brings this miscellaneous matter purporting to establish "Private Fiduciary Record in Equity, Appointment and Notice of Trustee, [and] Miscellaneous Docket Memorialization for Public and Judicial Record." (Dkt. No. 1-1 at 1.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

**BACKGROUND**

On February 12, 2026, Petitioner initiated the instant action by filing a two-page "Certificate of Trust and Judicial Notice" for "Federal Miscellaneous Record" essentially identifying himself as the "Steward Trustee" of STJC Network Revocable Living Trust. (Dkt. No. 1.) In addition, Petitioner filed an "Affidavit of Trust Capacity" to be "entered into the public federal record for the purpose of establishing fiduciary capacity in equity, preserving trust status, and notifying all parties that the trust is active, administered, and not abandoned." (Dkt. No. 1-2 at 1.)

1

Petitioner subsequently filed a "Plea of Release and Equitable Tender in the court of conscience as a matter of public record, notice, and preservation." (Dkt. No. 5 at 1.) The motion indicates that the Clarendon County Magistrate's Court issued a Writ of Ejectment directing law enforcement to remove Petitioner from certain "real property in dispute."[1] (*Id.*) After the Clarendon County Court of Common Pleas affirmed the Writ of Ejectment,[2] Petitioner attempted "to prevent execution and enforcement of the writ" by filing a "notice of appeal" and subsequent "emergency motion to stay" with the South Carolina Court of Appeals.[3] (*Id.* at 2.) The Court of Appeals denied the motion to stay, citing S.C. Code Ann. § 18-9-170 (2014):

> If the judgment appealed from direct the sale or delivery of possession of real property, the execution of the judgment shall not be stayed unless a written undertaking be executed on the part of the appellant, with two sureties, to the effect that during the possession of such property by the appellant he will not commit or suffer to be committed any waste thereon and that if the judgment be affirmed he will pay the value of the use and occupation of the property from the time of the execution of the undertaking until the delivery of possession thereof pursuant to the judgment, not exceeding a sum to be fixed by a judge of the court by which judgment was rendered and which shall be specified in the undertaking.

(Dkt. No. 6-1 at 18.)

In filing the "Plea of Release and Equitable Tender," Petitioner attached a "$50.00 United States Postal Service money order" to serve as "equitable security in place of the statutory sureties" required under S.C. Code § 18-9-170. (Dkt. No. 5 at 2; Dkt. No. 5-1.) Based on this "equitable security," Petitioner asked that this Court "[o]rder Clarendon County Sheriff's Office

---

[1] The undersigned takes judicial notice of Petitioner's underlying eviction proceedings before the Clarendon County Magistrate Court. *See* Clarendon County Public Index, https://www.sccourts.org/casesearch/ (limiting search to Clarendon County, Case No. 2024CV1410100503) (last visited Mar. 18, 2026); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may take judicial notice of factual information located in postings on government web sites).

[2] *See* Clarendon County Public Index, https://www.sccourts.org/casesearch/ (limiting search to Clarendon County, Case No. 2024CP1400368) (last visited Mar. 18, 2026).

[3] *See* South Carolina Appellate Case Management System, https://www.sccourts.org/c-track-public-access/ (limiting search to App. Case No. 2025-002352) (last visited Mar. 18, 2026).

2

to take no action to remove [him] from the property until the South Carolina Court of Appeals . . . issued its final decision in [the] Appellate Case." (Dkt. No. 5 at 6.)

On March 3, 2026, the undersigned issued an order notifying Petitioner that due to the convoluted nature of his claims, it was difficult to discern whether he was attempting to bring this action on behalf of the STCJ Network Revocable Living Trust or himself. (Dkt. No. 7 at 2.) The undersigned explained that, to the extent Petitioner intended to bring the action on behalf of the purported trust, he did not have standing to do so as a non-attorney. (*See id.* at 2–3, explaining that a non-attorney cannot bring a *pro se* lawsuit on behalf of other persons or entities.) To the extent Petitioner intended to bring the action on his own behalf, the case was not in proper form. (*Id.* at 3.) More specifically, the undersigned warned Petitioner that his claims did not amount to a cognizable miscellaneous matter appropriate for this Court's consideration. (*Id.*) Moreover, insofar as Petitioner was attempting to file a civil action in relation to the Writ of Ejectment issued by the Clarendon County Magistrate Court, he needed to submit a proper pleading ("Complaint for a Civil Case") and either pay the requisite filing fee or submit an Application to Proceed Without Prepayment of Fees, among other things. (*Id.* at 3–4.) The undersigned then granted Petitioner twenty-one days, plus three days for mail time, to respond to the order and comply with the instructions therein. (*Id.* at 4.)

On March 13, 2026, Petitioner filed a response to the undersigned's order clarifying that he did not intend to bring this action on behalf of the STJC Network Revocable Living Trust. (Dkt. No. 11 at 1.) Rather, he opened the action "on his own behalf" for the purpose of "creating an ancillary federal record related to [his] pending state court proceedings" before the South Carolina Court of Appeals. (*Id.* at 1–2.) Petitioner stated that he had no "claims, demands, or requests" against the named Respondents, but simply sought to "maintain this docket" to

"[l]odg[e] equitable notices and pleadings," "[d]ocument[ ] the conduct of parties in the underlying state proceedings," and "[c]reat[e] a public record of [his] good faith efforts and clean hands." (*Id.*) With respect to the latter, Petitioner clarified that the "Plea of Release and Equitable Tender" was "not a motion for relief against any defendant," but rather, "a lodgment of equitable tender and a request that the Court accept said tender into its registry as evidence of Petitioner's good faith and clean hands." (*Id.* at 3.)

In addition to this response, Petitioner filed a "Notice of Lodgment and Request for Judicial Notice," asking that the Court "[t]ake judicial notice" of certain "facts and documents" pursuant to Rule 201 of the Federal Rules of Evidence, including:

> The existence and contents of the Revocation Document and its exhibits, as filed in this miscellaneous docket;

> The existence and contents of Petitioner's Plea of Release and Equitable Tender (Dkt. No. 5), filed February 26, 2026, in this docket;

> The existence and contents of Petitioner's Response to Court Order and Clarification of Proceeding (filed March 13, 2026);

> The existence and contents of Petitioner's Local Rule 26.01 Answers to Interrogatories (filed March 13, 2026); [and]

> The existence and contents of all exhibits attached to the foregoing documents.

(Dkt. No. 12 at 1–2.) Petitioner also attached a "Supplemental Lodgment: Equitable Revocation of Trust and Demand for Accounting," alluding to "a secret profit scheme" in which certain parties—mainly, the various judicial officials involved in Petitioner's underlying state court proceedings—"caused securities to be issued in Petitioner's name, using his court case numbers as identifiers, without his knowledge, consent, or signature. . . ." (Dkt. No. 12-1 at 1.) Although unclear, the "Supplemental Lodgment" appears to seek a constructive trust covering all "funds" and "income" generated from the purported securities issued in Petitioner's name, an injunction

4

against execution of the Writ of Ejectment, and "reconveyance" of the property to Petitioner. (*Id.* at 7–8.)

## **STANDARD OF REVIEW**

The court possesses the inherent authority to review a *pro se* case to ensure that the plaintiff has standing, that federal jurisdiction exists, and that the action is not frivolous, even where the plaintiff has paid the filing fee. *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *1 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020). Thus, "[i]t is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." *Brown v. Maynard*, No. 1:11-cv-619-SKG, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011); *see also Ross v. Baron*, 493 F. App'x. 405, 406 (4th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for all civil actions). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *See Beaudett v. City of Hampton*,

5

775 F.2d 1274, 1276, 1278 (4th Cir. 1985) (noting that district judges "cannot be expected to construct full blown claims" on behalf of *pro se* litigants).

## DISCUSSION

Despite the undersigned's warnings (Dkt. No. 7), Petitioner's action remains subject to summary dismissal for several reasons. As a threshold matter, the undersigned notes that Petitioner's filings still do not demonstrate a cognizable miscellaneous matter. As previously explained (*id.* at 3), miscellaneous case numbers are normally assigned to "ancillary and supplementary proceedings not defined as a civil action. . . . Miscellaneous actions require resolution through the judicial system"—*i.e.*, "an application to perpetuate testimony."[4] Here, Petitioner claims that the purpose of this action is simply to "[c]reate a public record" and "[p]reserve[e] all rights" in relation to his pending state court proceedings. (Dkt. No. 11 at 2.) However, these claims plainly are not supplementary to any other federal proceedings, and they do not require judicial resolution.[5]

Rather, Petitioner is, in actuality, attempting to bring a civil action that stalls his pending state court ejectment proceedings. For example, instead of filing the statutory "sureties" required under S.C. Code Ann. § 18-9-170 as directed by the South Carolina Court of Appeals (Dkt. No. 6-1 at 18), Petitioner uses this action to file a $50.00 money order in hopes that this Court will "demand that the sheriff take no action to remove [him]" from the property. (Dkt. No. 5 at 4.) Notwithstanding the fact that Petitioner's action is still missing the requisite proper form documents in the first instance (Dkt. No. 7 at 3–4), the Court simply cannot provide this type of relief. Indeed, in *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not equitably interfere with state criminal proceedings except in the

---

[4]    *See United States District Court for the District of South Carolina*, Miscellaneous Cases, http://www.scd.uscourts.gov/Filing/misc.asp (last visited Mar. 20, 2026).

[5]    Indeed, most relevant public records will be maintained by the South Carolina state courts anyhow.

most narrow and extraordinary of circumstances. *See id.* at 43–44; *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Supreme Court has since made clear, however, that the *Younger* abstention doctrine also applies "to noncriminal judicial proceedings when important state interests are involved." *See Harper v. Pub. Serv. Comm'n of W. VA.*, 396 F.3d 348, 351 (4th Cir. 2005) (referencing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44.

From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n*, 457 U.S. at 432). In the instant case, the first criterion is met because Petitioner's state court proceedings are pending before the South Carolina Court of Appeals. The second criterion is also met, "as it is well settled in this District that eviction proceedings involve questions concerning the parties' landlord and tenant relationship, and those types of questions have been found to involve 'important state interests.'" *Woods v. Brookside Pointe Apartments*, No. 6:23-cv-5108-HMH-JDA, 2023 WL 7928314, at \*5 (D.S.C. Oct. 20, 2023), *adopted*, 2023 WL 7924684 (D.S.C. Nov. 16, 2023) (internal citations and quotation marks omitted); *see also Maxwell v. Hous. Auth.*, No. 3:23-cv-6948-CMC-PJG, 2025 WL 2622618, at \*2 (D.S.C. July 8, 2025), *adopted*, 2025 WL 2399658 (D.S.C. Aug. 19, 2025). Finally, the third criterion is satisfied because Petitioner can—and is—raising his claims in his pending state court

7

proceedings. Because Petitioner's case meets all three criteria for abstention under *Younger*, the Court cannot accept or act on his proposed money order, as it would interfere with a decision that is clearly before the South Carolina Court of Appeals.

Similarly, Petitioner's requests that this Court effectively enjoin execution of the Writ of Ejectment run afoul of the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which states that a party losing in state court is barred "from seeking what in substance would be appellate review of the state judgment in a United States district court." *See Am. Reliable Insurc. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *see also Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (explaining that the doctrine "preserves federalism by ensuring respect for the finality of state court judgments" and "preserves the separation of powers by ensuring that . . . review of state court judgments is conducted only by the United States Supreme Court"). This general rule "extends not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.'" *See Boyd v. Simmons*, No. 6:18-cv-576-BHH-JDA, 2018 WL 4999804, at *2 (D.S.C. Mar. 14, 2018), *adopted*, 2018 WL 4356579 (D.S.C. Sept. 13, 2018) (referencing *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). An issue is "inextricably intertwined" with a state court decision "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997); *see also Washington*, 407 F.3d at 279 ("The inextricably intertwined prong of the doctrine bars a claim that was not actually decided by the state court but

8

where success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.") (internal quotation marks and citations omitted).

In bringing this action, Petitioner explicitly contends that he is entitled to an injunction against the Writ of Ejectment and a "reconveyance" of the same. (Dkt. No. 12-1 at 7–8.) Such relief, on its face, would require the Court to review and reject the state court's Writ of Ejectment and the appellate court's subsequent order denying any sort of stay of its execution. This is precisely the type of impermissible "appellate review" barred under the *Rooker-Feldman* doctrine.[6] *See, e.g.*, *Garey v. Hughes*, No. 5:23-ct-3361-M-RJ, 2024 WL 3184631, at *3 (E.D.N.C. June 26, 2024) ("To the extent plaintiff seeks to use this suit as a vehicle to challenge an unfavorable decision in his state-court civil ejectment action, the *Rooker–Feldman* doctrine, which prohibits the lower federal courts from reviewing or rejecting state court judgments, serves as a jurisdictional bar to federal court review." (internal quotation marks and citations omitted)); *Bianco v. Powell*, No. 0:24-cv-3866-RMG-PJG, 2024 WL 3862661, at *3 (D.S.C. July 22, 2024), *adopted*, 2024 WL 3861433 (D.S.C. Aug. 16, 2024) (rejecting attempt to "overturn or overrule a decision by the state magistrate in the ejectment proceeding" under the *Rooker-Feldman* doctrine). Thus, even if the Court construed Petitioner's filings as a standard civil action, his claims would be subject to summary dismissal.

## CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without further leave to amend, as Petitioner has already had an opportunity to do

---

[6]    Such relief is also precluded under the Anti-Injunction Act, 28 U.S.C. § 2283, which imposes on federal courts "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions," none of which are present here. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977); *see also* 28 U.S.C. § 2283 (prohibiting a federal court from issuing an injunction to stay the proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"). Because Petitioner's requests for declaratory and injunctive relief would inherently encroach on the state court's eviction proceedings, this Court cannot grant any such relief under the Anti-Injunction Act.

so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022). The undersigned further **RECOMMENDS** that Petitioner's "Plea of Release and Equitable Tender" (Dkt. No. 5) be **DISMISSED** as moot. Petitioner may submit the money order to the proper state court if he wishes to do so.

      **IT IS SO RECOMMENDED.**

_____

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 20, 2026
Charleston, South Carolina

      **The parties' attention is directed to an important notice on the following page.**

10

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).